UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Criminal No. 17-10260-LTS |
| QUANG PT LE. | ) ) ) | |

ORDER ON MOTION FOR COMPASSIONATE RELEASE (DOC. NO. 302, 308)

April 15, 2021

SOROKIN, J.

Quang Le is presently serving a sentence for federal crimes he committed while working as a bookmaking agent in an illegal gambling business. He seeks an order pursuant to 18 U.S.C. § 3582(c)(1)(A) reducing his sentence to time served, citing the combination of his documented health conditions and the present COVID-19 pandemic as extraordinary and compelling reasons justifying his release. Doc. Nos. 302, 308.[1] The government opposes his request. Doc. No. 311. For the following reasons, Le's motion is DENIED.[2]

On February 13, 2018, Le pleaded guilty to kidnapping, conspiracy to collect extensions of credit by extortionate means, and operating an illegal gambling business. Doc. Nos. 62, 73, 199. The charges arose from Le's attempts to collect a gambling debt owed to him in the fall of 2016.[3] Those collection efforts included threats of violence and culminated in Le's coordination

---

[1] Citations to items appearing on the Court's electronic docket ("Doc. No. __ at __") reference the document and page numbers assigned by ECF.
[2] Le filed a pro se motion for compassionate release in January 2021, Doc. No. 302, which his counsel supplemented in March 2021, Doc. No. 308. The Court has considered both submissions in support of Le's request.
[3] The Court derives facts about the offense and Le's background from the April 2018 Presentence Report ("PSR").

and armed participation in a kidnapping and beating of the victim. The beating was recorded, and the video was posted online. After those events, the victim became an informant for the federal agents who ultimately arrested Le and three of his co-conspirators.

This was Le's first arrest and conviction of any crime in any jurisdiction. The advisory guidelines sentencing range was 87 to 108 months' imprisonment. On May 8, 2018, the Court sentenced Le to 72 months in prison followed by three years of supervised release. Doc. Nos. 121, 124. Le's expected release date is approximately eighteen months from now, on October 2, 2022. Following a recent transfer from a former federal facility in Pennsylvania, Le is housed at FCI McDowell in West Virginia. In December 2020, Le wrote to the administrator at his prior facility requesting compassionate release. See Doc. No. 302-1 at 5-6. That request was denied on January 4, 2021.[4]  Id. at 3-4.

Le's motion requires the Court to determine whether, having "consider[ed] the factors set forth in [18 U.S.C. §] 3553(a)," Le has identified "extraordinary and compelling reasons" warranting a reduction in his sentence. § 3582(c)(1)(A)(i). The Court's assessment is guided by the Policy Statement of the Sentencing Commission in § 1B1.13 of the United States Sentencing Guidelines. § 3582(c)(1)(A)(ii). That statement permits a reduction in sentence if three conditions are met:  1) "extraordinary and compelling reasons warrant the reduction"; 2) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)"; and 3) "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (2), (3). The Application Notes to § 1B1.13 explain that a defendant's medical

---

[4] Le was transferred to FCI McDowell after the denial, and it does not appear that he renewed his request at his new facility. It is not clear the relevant statutes would have required him to do so, and the government does not advance an exhaustion challenge to Le's motion in any event. Doc. No. 311 at 6 n.3.

2

condition will amount to an extraordinary and compelling reason under § 1B1.13(1) if he is "suffering from a serious physical or medical condition . . . that substantially diminishes [his] ability . . . to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover."

Le is 29 years old.  Medical records before the Court do not reflect that he suffers from any serious conditions at all, let alone any that the Centers for Disease Control and Prevention identify as presenting a heightened risk of severe illness from COVID-19.  See generally Doc. No. 308-1.  Neither Le's pro se submission nor the supplemental memorandum filed by counsel identify any such conditions, and his PSR identified no serious medical concerns.  Rather, the focus of Le's argument that he is medically vulnerable to such an extent that warrants his early release is the fact that he contracted COVID-19 in November 2020.  According to Le, he was "seriously ill," was "one of the very few" inmates requiring hospitalization, remained hospitalized "for weeks," and continued to suffer from an array of "worrisom[e] symptoms" even after his return to the facility.  Doc. No. 302 at 5.  According to his counselled submission, he continues to exhibit symptoms of "long haul COVID-19" that "suggest that his bout with the virus has left his health significantly compromised, perhaps permanently."  Doc. No. 308 at 2 (citing only Le's pro se submission as support).

The medical records Le has submitted, however, simply do not support these characterizations.  See Doc. No. 311 at 14 (citing and quoting the records describing Le's COVID-19 diagnosis and treatment, which document his recovery after treatment only in the medical unit of the facility, and document no lingering problems as of early January 2021).  It appears from the records that Le fully—and fortunately—recovered, and that he did so relatively promptly following his diagnosis.  On this basis, the government argues that the record does not

support a finding that Le's experience with the virus was sufficiently serious to amount to an "extraordinary and compelling reason" that would satisfy the first prerequisite for compassionate release.  See id. at 12-16 (arguing the risk of reinfection after recovering from COVID-19 is low).  Furthermore, the government states that Le received the first of two doses of a COVID-19 vaccine days before the government filed its opposition.  Id. at 15.  Le has not replied to the government's submission in general nor specifically responded to its representation regarding his vaccination status.

Given these circumstances, Le has not met his burden to establish the first criteria for compassionate release.  In any event, even if the Court were to find that Le's previous diagnosis or any lingering impacts thereof were sufficiently serious to establish an "extraordinary and compelling reason" and permit a reduction in his sentence, the Court would then proceed to consider whether Le is a danger to the safety of any other person or to the community, and to weigh the § 3553(a) factors on the present record.  Those factors disfavor a reduction in his sentence.

The offense to which Le pleaded guilty, though his first and only criminal conviction, was a serious and violent one in which Le intentionally caused an identifiable victim substantial fear and real physical harm.  Le's submissions do not meaningfully engage with these facts, the very real concerns they support regarding the important public safety consideration, or the way they necessarily influence any weighing of the § 3553 factors.  Rather, he summarily suggests his "serious medical vulnerability" means that he "poses [no] threat to the community," and his "diminished health . . . favor[s] resentencing under the § 3553(a) factors."  Doc. No. 308 at 15-16.  This is not obviously the case, especially where the only evidence before the court shedding light on his medical condition do not support his claim of "serious . . . vulnerability" and

"diminished health." In fact, nothing in the record demonstrates that the Court's assessment of Le's risk to the public, or its assessment of the § 3553(a) factors, should be any different now than at the time of Le's sentencing.[5]

Accordingly, the Court finds Le has not demonstrated that any of the three criteria for compassionate release are satisfied here. Under the totality of circumstances on the record before the Court, having carefully considered the factors identified in 18 U.S.C. § 3553, the safety of the public, and the other conditions listed in § 1B1.13 of the Sentencing Guidelines, the Court finds that a reduction in Le's sentence is neither warranted nor consistent with the Sentencing Commission's Policy Statement. Le's request for compassionate release (Doc. Nos. 302, 308) is DENIED.

SO ORDERED.

 /s/ Leo T. Sorokin
United States District Judge

---

[5] Le has not offered evidence suggesting the conditions of his own confinement are currently unduly harsh or excessively risky such that the Court would deem it necessary to reweigh the § 3553(a) factors on that basis. According to the Bureau of Prisons' website, there are presently no active cases of COVID-19 among inmates at FCI McDowell, and nearly 300 inmates there have been fully vaccinated to date. Moreover, Le has offered no evidence regarding any changes in "his current personal history and characteristics" besides the medical records that document his diagnosis of and recovery from COVID-19. Doc. No. 308 at 15.